## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **GARY JOHNSON**, | **CIVIL ACTION** |
| Plaintiff, | |
| *v.* | **NO. 23-5050-KSM** |
| **CREDIT CONTROL, LLC,** | |
| Defendant. | |

### <u>MEMORANDUM</u>

**Marston, J.**                                                                 **July 29, 2024**

*Pro se* Plaintiff Gary Johnson brings claims against Defendant Credit Control, LLC for a violation of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. No. 1.) Plaintiff and Defendant filed cross motions for summary judgment. (Doc. Nos. 16, 18.) For the reasons discussed below, Plaintiff's motion is denied and Defendant's motion is granted.

### I.      Background

Plaintiff Gary Johnson held a business account with Bank of America, N.A. ("Bank of America") under the name "54 Solutions LLC" which has an account number ending in x2525. (*See* Doc. Nos. 17-11, 17-12.) The account was assigned for collection to Defendant by Bank of America.[1] (Doc. No. 17-2 at ¶ 21.) On August 7, 2023, Defendant sent Plaintiff a letter attempting to collect $10,881.35 of outstanding debt associated with the account ending in x2525. (Doc. No. 17-8 at 1.) The letter read: "Our information shows[] [y]ou had a business account from Bank of America, N.A. with account number ending in x2525. As of 07/31/2023

---

[1] Defendant assigned this account an internal reference number ending in x9511. (Doc. No. 17-2 at ¶ 22.)

you owed[] $10,881.35." (*Id.*)  Plaintiff responded with a cease-and-desist letter on September 1, 2023.  (Doc. No. 17-21 at 1.)  This letter read in part, "I refuse to pay the alleged debt mentioned in your correspondence, as I have no record of any legitimate financial obligation to you or Bank of America. . . .  Any further attempts to contact me through any means . . . will be considered harassment and a violation of my rights under the Fair Debt Collection Practices Act (FDCPA)." (*Id.*)  Attached to the cease-and-desist were two letters previously sent by Credit Control to Plaintiff on August 7, 2023, attempting to collect debts from two other accounts Plaintiff held with Bank of America, but not attaching the letter from Defendant regarding the account ending in x2525.  (*Id.* at 3–4.)

On November 9, 2023, Defendant sent Plaintiff another letter attempting to collect the debt associated with account ending in x2525.  (Doc. No. 17-9 at 1.)  In response, Plaintiff filed a complaint alleging one count under the FDCPA in Philadelphia Municipal Court on November 20, 2023; he claimed that Defendant violated § 1692(c)c of the FDCPA by contacting him after he sent the September 1 cease-and-desist letter.  (Doc. No. 1-1.)  Defendant removed the case to this Court on December 20, 2023 (Doc. No. 1) and filed an answer on December 27, 2023 denying any violation of the FDCPA (Doc. No. 6).  The parties filed cross motions for summary judgment on June 14, 2024.  (Doc. Nos. 16, 18.)[2]

---

[2] As part of his summary judgment filing, Plaintiff filed a motion to strike which consisted of objections to all but two of Defendant's exhibits for reasons such as irrelevancy and "lack of personal knowledge." (Doc. No. 21-1 at 1–5.)  Plaintiff's motion to strike is not properly styled as a motion as it is not accompanied by any legal memorandum or support and is thus denied.  *See* Eastern District of Pennsylvania Local Rule 7.1(c) ("Every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion."); *see also Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").  And in the alternative, the Court finds Plaintiff's objections are meritless.  Even if Defendant's exhibits are not all admissible in their current form, they could be admissible at trial.  *See Robinson v. Hartzell Propeller, Inc.*, 325 F. Supp. 2d 631, 645 (E.D. Pa. 2004) ("Evidence that is '*capable* of being admissible at trial' can be considered on a motion for summary judgment.") (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 961 (3d Cir. 1996)) (emphasis added).

II.     **Standard of Review**

Summary judgment is appropriate when the "materials in the record" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). To survive summary judgment, "[a] party must set forth facts sufficient to establish the existence of an element essential to that party's case." *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 330 (3d Cir. 2016) (quoting *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)). A dispute is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[A]t the summary judgment stage the judge's function is not [themselves] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. And at "summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (question marks and alterations omitted).

"The rule is not different where there are cross-motions for summary judgment." *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008); *see also Manetas v. Int'l Petroleum Carriers, Inc.*, 541 F.2d 408, 413 (3d Cir. 1976) ("It is well settled that cross-motions for summary judgment do not warrant the court in granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed."). "Courts are permitted to resolve cross-motions for summary judgment

concurrently," but "[w]hen doing so, the court is bound to view the evidence in the light most favorable to the non-moving party with respect to each motion." *Hawkins v. Switchback MX, LLC*, 339 F. Supp. 3d 543, 547 (W.D. Pa. 2018).

"[U]nsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010). Summary judgment must be granted "if the evidence . . . is too speculative to establish any material issue of fact." *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 94 (3d Cir. 1985).

### III.   Analysis

To reiterate, Plaintiff brings one count against Defendant for violation of § 1692(c)c of the FDCPA. (Doc. No. 1-1.) The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collecting practices are not completely disadvantaged." 15 U.S.C. § 1692(e). The FDCPA "provides consumers with a private cause of action against debt collectors who fail to comply with the Act." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) (citing 15 U.S.C. § 1692k). "To prevail on an FDCPA claim, a plaintiff must prove that (1) []he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

The FDCPA defines a "debt" as "any obligation or alleged obligation of a *consumer* to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household*

*purposes*, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5)

(emphases added).  It is well-settled that the FDCPA does not apply to business debts, only

consumer debts.  *See Breen v. Callagy Law PC*, 851 F. App'x 302, 305 (3d Cir. 2021) ("[I]t is

well established that debts incurred for commercial, business or professional purposes do not

qualify as FDCPA debts.") (quotation omitted); *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d

1163, 1168 (3d Cir. 1987) ("[T]he type of transaction which may give rise to a 'debt' as defined

in the FDCPA[ ] is . . . one involving the offer or extension of credit to a consumer."); *St. Pierre*

*v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 362 (3d Cir. 2018) ("[A plaintiff]

cannot cross the finish line for an FDCPA claim unless 'the subject of the transaction [is]

primarily for personal, family, or household purposes.'") (quoting 15 U.S.C. § 1692a(5)).

      Here, Plaintiff's claim under the FDCPA fails and Defendant is entitled to summary

judgment because the obligation in question is a business debt.  (*See* Doc. No. 17-11 (bank

statement for account ending in x2525 bearing the name, "54 Solutions LLC," reading "Bank of

America Business Advantage" as the type of account at the top left, and reading "Business Card"

on the bottom left); Doc. No. 17-12 (same); *see also* Doc. No. 17-8 (letter from Credit Control,

LLC to Plaintiff stating, "Our information shows[] [y]ou had a business account from Bank of

America, N.A. with account number ending in 2525."); Doc. No. 17-2 at ¶ 21 (Credit Control,

LLC CEO declaration stating, "On August 4, 2023, Credit Control was assigned to collect on

four business accounts owed by Gary Johnson to Bank of America, N.A., with original account

numbers ending in 1113, 2525, 7847, and 0793.").)  Plaintiff has the burden in proving that his

debt was a consumer debt. *Dixon v. Stern & Eisenberg, PC*, No. 5:14-cv-4551, 2015 WL

3833782, at *10 (E.D. Pa. June 22, 2015) (citing *Horton*, 2015 WL 1055776, at *15–16).  But,

even when the evidence is viewed in the light most favorable to Plaintiff, he has failed to set

forth any evidence beyond conclusory allegations that the amount owed on account ending in x2525 was a consumer debt. Although Plaintiff alleges that his obligations are consumer "debts" within the meaning of the FDCPA, arguing that he "did not use the account to obtain credit until he used it for personal, family or household purposes," he does not offer any evidence for this conclusory allegation.[3]  (Doc. No. 18-1 at 6–7.)  *See Schaar*, 732 F. Supp. 2d at 493 ("[U]nsupported assertions, conclusory allegations or mere suspicions" are insufficient to overcome a motion for summary judgment.").

Moreover, Plaintiff's argument that the debt is a consumer debt because Defendant directed their correspondences toward Plaintiff using his full name "rather than the entity for which Plaintiff exercised his consumer rights under the FDCPA" (Doc. No. 21 at 6) is meritless because "a debt collector's treatment of an obligation is irrelevant to an inquiry regarding the nature of that obligation itself."  *See Anderson v. AFNI, Inc.*, No. 10-4064, 2011 WL 1808779 at *14 (E.D. Pa. May 11, 2011) (holding that the plaintiff failed to demonstrate her debt was a consumer debt even though the plaintiff was an individual, the addresses associated with the debts were "residential," and the defendant treated the debts as if they consumer debts).[4]

---

[3] The Court takes note that the 54 Solutions LLC bank statement for the period from November 16, 2021 to December 15, 2021 includes one itemized transaction in the amount of $9,000.00, with the description "SQ *2 MUCH SAUCE KICKS gosq.com."  (Doc. No. 17-12 at 3.)  However, this charge does not support Plaintiff's claim that his debt was a consumer debt.  *See Matin v. Fulton, Friedman & Gullace*, 826 F. Supp. 2d 808, 812 (E.D. Pa. 2011) (holding that an account statement from a bank which included "the amount of the previous balance, the amount of the new balance, the amount of [plaintiff's] last payment, the interest rate, and other information" does not provide "sufficient information to determine whether the purchases were made for primarily personal, family or household purposes," "even if [the account statement] did provide [an itemized list of purchases.]").

[4] Plaintiff also claims that the exhibits attached to Defendant's bank statement (Doc. Nos. 17-11, 17-12) are "incomplete" and "appear" to have possibly been "edited for Defendant['s] advantage to valid[ate] this alleged debt, displaying inconsistent account numbers, account holder names and blacking out the alleged full account numbers."  (Doc. No. 21 at 9; Doc. No. 21-10.)  Once again, Plaintiff has not presented any evidence to support this serious allegation.  Defendant's exhibit and Plaintiff's annotation of the same exhibit only show that Plaintiff was a cardholder for the business account.  (Doc. No. 21-10.) Additionally, Defendant's alteration of the statement to only include the last four digits of the account

Thus, the facts are undisputed that the account ending in x2525 is a business account. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of material in the record, including depositions, documents, [etc.] . . . . [or] (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."); *id.* 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion"); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218 (3d Cir. 2015) ("[T]he party opposing a motion for summary judgment must do more than simply show that there is some metaphysical doubt as to the material facts. Rather, that party must point to specific factual evidence showing that there is a genuine dispute on a material issue requiring resolution at trial.") (quotation omitted).

Because Plaintiff's debt was a business debt rather a consumer debt, it does not fall within the FDCPA, and Plaintiff's claim must fail.[5]

## IV.   Conclusion

In sum, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.  Judgment is entered in Defendant's favor.  An appropriate Order

---

number is in accordance with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5.2(a)(4) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains . . . a financial-account number, a party or nonparty making the filing may include only . . . the last four digits of the financial-account number.").

[5] Plaintiff's new claim in his motion for summary judgment that Defendant invaded his personal privacy by contacting him is denied.  (Doc. No. 18-1 at 8.)  *See Bennett v. SEPTA*, No. 23-1271, 2024 WL 404959, at *18 n.2 (E.D. Pa. Feb. 2, 2024) (citing *Summy-Long v. Pa. State Univ.*, 226 F. Supp. 3d 371, 387–88 (M.D. Pa. 2016), *aff'd*, 715 F. App'x 179 (3d Cir. 2017) ("A plaintiff is the 'master of [his] complaint,' and [a plaintiff] may not defeat summary judgment by asserting a claim []he did not include in h[is] complaint.").

follows.